ALBANY,
Jan. 1814.

JACKSON, *ex dem.* DE RIDDER, *against* ROGERS.

JACKSON
v.
ROGERS.

THIS was an action of ejectment for 100 acres, part of great lot No. 15. in the *Saratoga* patent. The cause was tried in *September*, 1812, at the *Saratoga* circuit, before Mr. Justice *Yates.*

The lessor of the plaintiff claimed the premises as heir of *Walter De Ridder*, on the ground that the lease of the premises made by his ancestor to *Foster Whitford*, of whom the defendant had purchased the term, and under which he held possession, had been *forfeited* by the *disclaimer* of the defendant to hold under the lessor.

It was proved by the attorney of the lessor, the ancestor, that he demanded rent of the defendant on the lot in question, which was the westernmost lot in the subdivision of lot No. 15. in the *Saratoga* patent; that the defendant admitted himself to be in possession of the lot described in the lease (produced at the trial) which made one farm, and recognised the claim of the lessor of *Walter De Ridder*, the ancestor of the plaintiff's lessor; that the rent not being paid by the defendant, the attorney caused a *distress* to be made on the lot, and the property taken was *replevied* by the defendant, on which issues were joined in an action of replevin, which was tried before the court of common pleas of *Saratoga* county; and that on the trial the whole evidence of the defendant went in support of his plea of *disclaimer*, and no other plea was attempted to be supported; though the witness stated that he could not say that the defendant denied the claim of the lessor to the whole lot, but it was contended that the *barn* was out of the patent of *Saratoga.* The *disclaimer* thus insisted on, the witness believed, was the sole ground on which the jury in the court of common pleas gave a verdict for the defendant.

The record of the judgment in replevin in the C. P. was produced, from which it appeared that the lessor of the present plaintiff pleaded not guilty, with an avowry and *cognizance* that the *barn* in which the distress was taken, as alleged in the declaration, was on, and parcel of, certain lands and premises containing one hundred acres, held by *Foster Whitford* of *K. De*

The *place* of taking a distress for rent is material and traversable; and where in an action of replevin, the tenant in his pleas to the avowry denied holding under the lease, but from the points in issue it appeared that the only question was, whether the *place* in which the distress was taken was within the demised premises, it was held, in an action of ejectment to recover the premises, on the ground of a forfeiture by reason of a disclaimer, that the pleas did not amount to a general disclaimer of all holding under the lease; and that the doctrine of a forfeiture, if applicable to a lease for life, would not apply to such a disclaimer, but that evidence was admissible to show that the disclaimer was intended only as to the place in which the distress was taken, and also that such place was not covered by the lease.

*Ridder*, (the ancestor,) deceased, by virtue of a lease, &c. and justified the taking the goods, &c. in the said *barn* in which the same were taken, as a *distress* for rent arrear, &c. To this avowry and *cognizance*, the defendant pleaded six pleas in bar; 1. That the avowant took them in his own wrong, without any such cause, &c.; 2. Because the lands and premises, with the appurtenances, in which, &c. supposed to contain one hundred acres, have not been held and rented by one *Foster Whitford* of one *Kilian De Ridder*, late deceased, by virtue of an indenture, &c. &c. nor have the same for a long time, to wit, from the 17th of *June*, 1798, until the 17th of *June*, 1807, been held and enjoyed of, or under, one *Walter De Ridder*, and as the avowant in his said cognizance has alleged, &c. *nor during all that time did the said Rogers hold the same of the said Walter De Ridder as his tenant*, &c.; 3. Because, he says, that he did not, for and during the time in the said cognizance mentioned, &c. hold the said *place* in which, &c. of the said *Walter De Ridder*, &c.; 4. Because at the said time when, &c. nothing of the said rent was in arrear, &c.; 5. Because, protesting that the said *barn* in which the said goods were seized and taken, &c. at the time, &c. was not on, and parcel of, the lands and premises containing one hundred acres rented and held by, &c. the said *Rogers* was not during the time, &c. or any part thereof, seised as of fee and right of and in the said lands and premises in which, &c. or of, and in, the said rent of, &c. issuing out of the said place, land and premises in which the said goods, &c. are alleged to have been seized, &c.; 6. Because, protesting that the said barn in which, &c. was not on, and part of, the lands and premises, &c. and protesting that the same place in which, &c. from, &c. have not been held of, &c. he says that long before the taking of the said goods, &c. in the said place in which, &c. and also at the time when, &c. he, the said *Rogers*, was seised of the said place, lands and premises, in which, &c. in his demesne as of fee, and this, &c.

The defendant's counsel offered to prove that that part of the lot on which the barn stood in which the distress was made, and which they disclaimed to hold of *Walter De Ridder*, was not within the bounds of the *Saratoga* patent, and had been so pointed out by *K. De Ridder*, the ancestor, in his lifetime, and who admitted that it could not be comprised within lot No. 15. of that patent, nor within the lease which was offered in evidence, and that he-

fore the trial the sum of 110 dollars had been tendered to the plaintiff in full of the rent of that part of the lot which was within the *Saratoga* patent, and of the costs of the suit. But this evidence was overruled by the judge, under whose direction the jury found a verdict for the plaintiff.

A motion was made to set aside the verdict, and for a new trial.

*Foot*, for the defendant.

*Wendell*, contra, cited *Co. Litt.* 233. a. 233. b. 2 *Bac. Abr.* 280. *Estate for Life*, (C.) *Woodfall's Tenant*, 202, 203. *Co. Litt.* 251. b. *Finch*, 270, 271. *Booth's Real Act.* 131. *Com. Dig. Droit*, (F.) 2 *Bl. Com.* 275. 3 *Bl. Com.* 233, 234. 7 *Johns. Rep.* 34. 188. 8 *Johns. Rep.* 368. 6 *Johns. Rep.* 63. 2 *Caines' Rep.* 215.

*Per Curiam.* It struck the court on the first perusal of the second plea contained in the record of the action of replevin, that it was a disclaimer of any holding under the present lessor of the plaintiff, and so it must have been understood in the court below. But on further examination of the whole record, the pleas and the issues appear to have been confined to the fact whether the barn in which the distress was made was part and parcel of the 100 acres covered by the lease, and the pleas were not intended as a general disclaimer of holding any lands whatever under the lease. The place of taking a distress is material and traversable; and at common law the distress was to be made upon the demised premises, and it is only in the cases mentioned in the statute, that the distress may now be made off the premises. The whole question put in issue by those pleas was, whether the barn was or was not on the 100 acres demised. The doctrine of forfeiture, if it applied at all to a disclaimer by a tenant for life, did not apply to this case, and when the defendant offered to show that his disclaimer was only intended to be confined to the barn, and that the barn was not covered by the lease, and that the original lessor had admitted it, the evidence was material, and ought to have been received. It went to show that he was only contesting the legality of the distress in a place not included in the lease, and that, as to the lands

actually demised, he had no intention of doing any act inconsistent with his duty as a true and loyal tenant.

A new trial ought, therefore, to be awarded, with costs to abide the event of the suit.

New trial granted.